**IN THE COURT OF APPEALS OF IOWA**

No. 18-1798
Filed July 3, 2019

**ANTHONY SHELLITO,**
        Plaintiff-Appellant,

**vs.**

**MORGAN KAISER,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Mills County, James S. Heckerman,

Judge.


        Anthony Shellito appeals from the district court order modifying the decree

governing custody, visitation, and support of the child he shares with Morgan

Kaiser.  **AFFIRMED.**


        Kyle E. Focht of Focht Law Office, Council Bluffs, for appellant.

        Jaclyn A. Tackett of Tackett Law Offices, Glenwood, for appellee.


        Considered by Potterfield, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Anthony Shellito and Morgan Kaiser are the parents of a child born in 2010. In May 2015, a North Dakota court entered a decree governing custody, visitation, and support of the child based on the parties' stipulation. Pursuant to that decree, Anthony and Morgan share legal custody of the child, with Morgan receiving physical care of the child subject to Anthony's visitation rights.

Morgan and the child moved to Glenwood, Iowa, shortly after the decree's entry, and several months later, Anthony moved to Nebraska. In December 2017, after learning Morgan intended to move to Kansas City, Anthony petitioned the Iowa district court to modify the decree and grant him physical care. The district court declined to modify physical care, finding:

> Anthony did not meet his heavy burden of proving the ability to provide superior care for [the child]. The Court finds that both Anthony and Morgan are fit parents, and [the child] benefits from both Anthony and Morgan being involved in her life. However, Anthony did not show that he is able to more effectively minister to the needs of the child.

Anthony appeals.

Our review is de novo. *See* Iowa R. App. P. 6.907. We examine the entire record and adjudicate the issues anew but give weight to the district court's factual findings, especially with respect to witness credibility. *See* Iowa R. App. P. 6.904(3)(g). In determining questions of child custody, our controlling consideration is the child's best interests, a determination we must make on a case-by-case basis. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

It is a fundamental principle that "once custody of [a child] has been fixed it should be disturbed only for the most cogent reasons. *Id.* (citation omitted). Therefore, before we may modify the physical care provisions of the decree to place the child in Anthony's care, Anthony must meet the "heavy burden" of showing "a superior ability to minister to the needs of the [child]." *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016) (citation omitted). Although Anthony offers many criticisms of Morgan's parenting, he presents little evidence demonstrating how his caretaking would be superior. Anthony states in his brief that he

> believes that the aforementioned reasoning provides evidence of his ability to render superior parenting. [His] relocations have been in efforts to exercise parenting time with the minor child. During the two weeks [Anthony] is home from work, he spends quality time with his wife, step-daughter, and infant daughter. In stark contrast to [Morgan]'s frequent use of third-party caregivers, [Anthony] testified that he has only utilized childcare for the minor child, from her grandparents, twice in three years.

We agree with the district court that Anthony is a fit parent, but we cannot conclude, after our de novo review of the record, that Anthony met his heavy burden of showing a *superior* ability to minister to the needs of the child. Because Anthony has failed to meet his burden of showing a superior ability to minister to the child's needs, we decline to modify the physical care provisions of the decree. Accordingly, we affirm.

Morgan requested an award of appellate attorney fees. Such an award is not a matter of right but rest within our discretion. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal."

We acknowledge Morgan has had to defend the trial court's rulings, but after considering the above factors, we decline to award Morgan appellate attorney fees. Costs on appeal are assessed to Anthony.

**AFFIRMED.**